J-A15031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN M. MORLEY, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STACEY ANNE COLLAZZO | |
| Appellee | No. 2852 EDA 2015 |

Appeal from the Order Entered August 7, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 140902787

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 14, 2016**

John M. Morley, Jr. ("Appellant") appeals, *pro se*, from the August 7, 2015 order of the Philadelphia County Court of Common Pleas granting Appellee Stacey Anne Collazzo ("Appellee") summary judgment.  After careful review, we affirm.

The relevant facts and procedural posture of this matter are as follows. Appellant and Appellee were involved in a romantic relationship that began in 2009 and ended in April or May of 2013.  On September 30, 2013 and October 1, 2013, the Chief Nursing Officer at Hahnemann University Hospital, where Appellee was employed as a nurse, received anonymous letters that enclosed naked photographs of Appellee and alleged that Appellee shoplifted and used opiates.  As a result of these letters, Appellee filed a police report against Appellant and, on October 8, 2013, filed a

petition for a protection from abuse order ("PFA"). The PFA petition claimed Appellant sent the letters and naked photographs of Appellee to her employer, that Appellant had told people in a bar explicit details of Appellant and Appellee's sex life, that Appellant once demanded sex from Appellee, that Appellant was verbally abusive, and that Appellant suffers from depression. The PFA court issued a temporary full stay away order after the hearing on October 8, 2013.

On September 22, 2014, Appellant filed a complaint against Appellee sounding in defamation, false light, and abuse of process based on allegations that Appellee lied in her petition for the purpose of gaining a PFA against Appellant. Appellee filed preliminary objections to the complaint averring that her statements at the PFA hearing were protected by an absolute privilege because they were made in the course of judicial proceedings, that the alleged defamatory statements had not been published beyond the court proceedings, and that Appellant had not alleged an improper motive.

Appellant filed an amended complaint that, together with the defamation, false light, and wrongful use of civil procedure counts, included allegations that Appellee had published the defamatory statements to numerous persons. Specifically, the amended complaint alleged that on October 5, 2013, Appellee's friend accused Appellant of contacting Appellee's employer and sending "lascivious photographs" of Appellee to her employer. The amended complaint also claimed that Appellee's friend had stated that

Appellant was mentally ill and should seek medical help. The amended complaint further averred that Appellee falsely stated Appellant's address in her petition, thus preventing the Philadelphia Police Department from properly serving him with the PFA. Appellant claimed he learned of the PFA only after attempting to purchase a firearm on October 11, 2013.

Appellee filed preliminary objections to the amended complaint. After Appellant filed an answer, the trial court overruled Appellee's preliminary objections on January 14, 2015.

On January 16, 2015, Appellee filed an answer to Appellant's amended complaint. In her answer, Appellee denied Appellant's claims and raised as a new matter (1) that Appellant's claims were barred because Appellee's actions were not the proximate cause of Appellant's injury, (2) the defense of privilege because the statements were made in the course of judicial proceedings, and (3) the defense of the truth. Appellee further raised an abuse of process counterclaim that averred Appellant filed the instant suit as part of a two-year campaign of abuse instigated by Appellant upon Appellee after she ended their romantic relationship in 2013.

Later in January, Appellant noticed Appellee's deposition, requesting that Appellee bring with her to the deposition: "any and all writings between you and the Pennsylvania Department of State, Nurse board; and any and all writings between you and your employer(s) since Wednesday, July 29, 2009." On January 26, 2015, Appellee filed a discovery hearing request and a motion for a protective order based on Appellant's notice arguing that the

requested correspondence was irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and an attempt by Appellant to use the court system to harass and invade Appellee's privacy in her personal and professional life.

On February 13, 2015, the trial court ordered that Appellee was not required to produce the requested writings at the deposition. Appellant filed a motion for reconsideration, which the court denied on February 18, 2015.

On February 27, 2015, Appellant filed a motion for judgment on the pleadings, which the trial court dismissed on March 30, 2015.

Appellee filed a motion for summary judgment on June 12, 2015, which the trial court granted on August 7, 2015.[1]  Appellant filed a timely notice of appeal on September 2, 2015, and a Pa.R.A.P. 1925(b) statement on September 21, 2015.  The trial court filed its 1925(a) Opinion on November 9, 2015.

Appellant raises the following four (4) claims for review:

[1.] Are writings between [Appellee] and the Pennsylvania Department of State Nurse Board and her employer reasonably calculated to lead to the discovery of admissible evidence?

---

[1] This is a simplification of the procedural posture.  Between the June 12, 2015 filing of Appellee's motion for summary judgment and the trial court's August 5, 2015 grant thereof, Appellant filed multiple filings to which Appellee filed multiple responses.  We have omitted the specifics of these filings, however, because they do not bear on the instant appeal.

[2.] Did the trial court abuse it's [sic] discretion when it *sua sponte* ordered [Appellee's] counsel to <u>not</u> waive objections at the deposition of [Appellee]?

[3.] Is [Appellee], who appeared without [s]ubpoena in the underlying [PFA] Court, in an *ex parte* hearing, wherein hearsay was considered and no criminal proceeding against [Appellant] was pending, entitled to Judicial or Witness Immunity?

[4.] Are material facts in dispute?

Appellant's Brief, p. 5.

This Court's scope and standard of review on an appeal from the grant of a motion for summary judgment is well settled:

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***Herder Spring Hunting Club v. Keller***, 93 A.3d 465, 468 (Pa.Super.2014), *reargument denied* (July 11, 2014), *appeal granted*, 108 A.3d 1279 (Pa.2015) (quoting ***Shamis v. Moon***, 81 A.3d 962, 968–69 (Pa.Super.2013)).

Appellant's first two claims deal with the trial court's February 12, 2015 discovery order.[2]  First, Appellant claims the trial court erred by ruling that Appellee need not produce at her deposition writings between herself and the state Board of Nurses, and herself and her employers from 2009 through the date of the deposition.  **See** Appellant's Brief, p. 13-16.  Second, Appellant claims the trial court erred by *sua sponte* directing Appellee's counsel to not waive objections at the deposition, but instead to place all objections on the record.  **See id.** at 16-18.  These claims lack merit.[3]

> Generally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard.  To the extent that the question involves a pure issue of law, our scope and standard of review are plenary.

**Crum v. Bridgestone/Firestone N. Am. Tire, LLC**, 907 A.2d 578, 585 (Pa.Super.2006) (internal citations and quotations omitted); **see also PECO**

_____

[2] The trial court filed the original order on February 12, 2015.  The February 18, 2015 order denied Appellant's requested reconsideration of the February 12, 2015 order.

[3] The trial court and Appellee argue these discovery claims are either non-appealable as interlocutory or waived as untimely.  **See** Appellee's Brief, pp. 7-9; 1925(a) Opinion, pp. 13-14.  Appellant alleges the claims are an appeal of a collateral order (or, if interlocutory, properly brought following a final order in the case).  **See** Appellant's Brief, pp. 1-2.  "Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation."  **Dougherty v. Heller**, 97 A.3d 1257, 1261 (Pa.Super.2014).  The instant appeal was timely taken after the trial court issued a final order granting summary judgment.  Therefore, we decline to find Appellant's claims either interlocutory or waived.

*Energy Co. v. Insurance Co. of North America*, 852 A.2d 1230, 1233 (Pa.Super.2004) ("The trial court is responsible for '[overseeing] discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure.").

Pennsylvania's Rules of Civil Procedure permit discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action," whether or not admissible at trial, provided that "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. 4003.1. The Rules prohibit, however, irrelevant discovery, or discovery sought for an improper purpose. Pa.R.C.P. 4011; *see also Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.*, 77 A.3d 1, 12 (Pa.Super.2013) ("The matters about which [a discovery] inquiry is made must bear pertinently upon the matters which he will be required to prove affirmatively at trial." (internal quotations and citation omitted; emphasis deleted)). The Rules allow parties to request protective orders to define and enforce the parameters of discovery in a given matter. Pa.R.C.P. 4012.

Here, the trial court granted Appellee's request for a protective order following Appellant's request that Appellee produce "any and all writings between [Appellee] and the Pennsylvania Department of State, Nurse Board" or "any writings between [Appellee] and [her] employer since Wednesday July 29, 2009." The instant lawsuit involves allegedly defamatory

statements made in Appellee's October 2013 PFA petition. Accordingly, Appellant's requested discovery seeks documents well beyond the scope of the case, and the trial court did not abuse its discretion in granting Appellee's motion for a protective order against the production of such wide-sweeping and irrelevant documentation.

The trial court also *sua sponte* included in its discovery order a directive that Appellee's counsel not waive objections at Appellee's deposition, but instead place all objections on the record with specificity so the court would be able to rule upon them if Appellant filed any motions to compel Appellee to answer. **See** Order, February 12, 2015; **see also** N.T. 2/12/2015, pp. 10-12. As this Court has explained: "The trial court is responsible for overseeing discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure." **Berkeyheiser v. A-Plus Investigations, Inc.**, 936 A.2d 1117, 1125 (Pa.Super.2007) (internal quotations and citation omitted). Accordingly, it was within the trial court's discretion to attempt to expedite the pretrial discovery process by ordering counsel to place objections on the record. This claim lacks merit.

Appellant next claims the trial court erred in determining Appellee's alleged defamatory statements were privileged. **See** Appellant's Brief, pp. 18-23. He is incorrect.

"Defamation is a communication which tends to harm an individual's reputation so as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her." *Elia v. Erie Ins. Exch.*, 634 A.2d 657, 660 (Pa.Super.1993). "[O]nly statements of fact can support an action for libel or slander, not merely expressions of opinion." *Id.*

> In an action for defamation, the plaintiff must prove: (1) the defamatory character of the communication; (2) publication by the defendant; (3) its application to the plaintiff; (4) understanding by the recipient of its defamatory meaning; (5) understanding by the recipient of it as intended to be applied to plaintiff; (6) special harm to the plaintiff; (7) abuse of a conditionally privileged occasion. Initially, it is the function of the court to determine whether the communication complained of is capable of a defamatory meaning. A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. A communication is also defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession. If the court determines that the challenged publication is not capable of a defamatory meaning, there is no basis for the matter to proceed to trial; however, if there is an innocent interpretation and an alternate defamatory interpretation, the issue must proceed to the jury.

*Krajewski v. Gusoff*, 53 A.3d 793, 802-03 (Pa.Super.2012) (quoting *Maier v. Maretti,* 671 A.2d 701, 704 (Pa.Super.1995)) (emphasis deleted).

"It has long been the law of Pennsylvania that statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation." *Richmond v. McHale*, 35 A.3d

779, 784 (Pa.Super.2012); *see also Post v. Mendel*, 507 A.2d 351 (Pa.1986). As a general rule, no civil liability attaches to statements made in pleadings or during discovery, trial, or argument of a case where the statements are pertinent, relevant, and material to any issue in the suit. *See Post*, 507 A.2d at 355; *see also Bochetto v. Gibson*, 860 A.2d 67, 71 (Pa.2004).

Here, Appellee made the statements about which Appellant complains in a PFA petition. The PFA petition alleged, in pertinent part, as follows:

> [Appellant] has been sending damaging letters to my job, he sent them to all the big bosses. He did not sign them but I know its him because there's things in the letter [sic] only he could know. He sent nakes [sic] photos of me to my job also. He went to a bar and was talking about our sex life in explicit detail. My job is jeopardize [sic] now from him sending all these letter [sic] and I am being scrutinized. On 10/5/13 I called the police and filed a report against [Appellant] #13-01-039615.

> Parties were in a relationship for 3 years. Parties [sic] relationship ended in May 2013. In the past on one occasion [Appellant] demanded [Appellee] have sexual relations with him. [Appellant] was very verbally abusive to [Appellee] during the relationship. [Appellant] told [Appellee] in the past he suffered from depression and was prescribed medication. [Appellant] is 51 and [Appellee] is 44.

These statements were relevant and material to the claims of the PFA petition and were made in a judicial pleading.[4] Accordingly, the statements were privileged and Appellant's claim lacks merit.[5]

_____

[4] Appellant acknowledged as much at the February 12, 2015 hearing on Appellee's petition for a protective order in which the following exchange took place between the court and Appellant, acting *pro se*:
*(Footnote Continued Next Page)*

Finally, Appellant argues the trial court erred in granting Appellee summary judgment because factual disputes remain. *See* Appellant's Brief, pp. 23-32. This claim also lacks merit.

Initially, the trial court properly concluded that any statements made in the course of the PFA proceedings were privileged and thus could not support Appellant's claims for defamation or false light. Further, as to Appellee's alleged extrajudicial statements, after receiving Appellee's preliminary objections to the original complaint in which she claimed she only made statements in her PFA petition, the trial court stated:

> Appellant further argues that Appellee made extrajudicial statements to family and friends. However, although Appellant

*(Footnote Continued)* _____

> THE COURT: Let me see if I understand you. She filed a protection from abuse order under the statutes of the Commonwealth of Pennsylvania?
>
> [APPELLANT]: Correct.
>
> THE COURT: So you filed an action against her for the statements made in that complaint?
>
> [APPELLANT]: Right. . . .

N.T. 2/12/2015, p. 6.

[5] Appellant's claims that (1) Appellee "appeared without subpoena," (2) the original hearing was conducted *ex parte*, and (3) the trial court received and considered hearsay testimony at the hearing have no bearing on whether the statements in Appellee's PFA petition are privileged, and we need not discuss them further. Additionally, to the extent Appellant argues his defamation claims relate to statements Appellee made to her family and friends, he has produced no evidence to support these claims and has alleged no special harm resulting from them.

pled general allegations to this effect in his Amended Complaint, Appellee specifically denied them, and Appellant has not, either during discovery or through any other part of the proceeding, provided any factual basis on which to support these claims. The only possible statement Appellee made that Appellant can point to with any specificity is that, on October 4, 2013, Appellee spoke with Guiseppe and Salvatore Foglia, Appellant's friends, and asked them for help in "getting [Appellant] off [her] back . . ." and told them that Appellant had sent letters to Appellee's place of employment and that she feared for her life. These are not statements of fact but opinion, nor has Appellant plead any special harm resulting from this statement. Appellant cannot show defamation as a result. Consequently, Appellant has not and cannot make out a *prima facie* case for [d]efamation[.]

1925(a) Opinion, p. 11.

The trial court's conclusion is correct. Therefore, the trial court did not abuse its discretion in granting Appellee's motion for summary judgment as to Appellant's defamation claim.

The same is true of Appellant's false light claim. A false light claim is actually a cause of action for invasion of privacy, which the Restatement (Second) of Torts defines as:

**§ 652E. Publicity Placing Person In False Light**

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) Torts, § 652E. "Significantly, unlike the law of defamation, false light invasion of privacy offers redress not merely for the

publication of matters that are provably false, but also for those that, although true, are selectively publicized in a manner creating a false impression." ***Krajewski v. Gusoff***, 53 A.3d 793, 806 (Pa.Super.2012) (internal citation omitted).

As the trial court correctly explained:

[T]he statements made in the course of the PFA hearing were protected by an absolute privilege. Further, Appellant did not prove that Appellee publicized any statements outside of the PFA hearing to any one person and, in fact, specifically stated in his deposition testimony that he did not have actual factual knowledge of the time, place, and manner of any defamatory statement made by Appellee to many of the people Appellant alleged she had publicized to. Further, nothing said to the Foglias rises to the level of offensiveness required, or the level of recklessness required, to make out a *prima facie* case.

1925(a) Opinion, p. 12.

Likewise, the trial court properly awarded Appellee summary judgment on Appellant's abuse of process claim. The Judicial Code provides as follows:

**§ 8351. Wrongful use of civil proceedings**

**(a) Elements of action.--**A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351.

As the trial court explained:

Nowhere in Appellant's pleadings has he pled or alleged that Appellee acted in a grossly negligent manner in filing the PFA proceeding. Indeed, both pleadings and depositions reflect the fact that Appellee had cause to file the action and acted reasonably and without malice in doing so.

1925(a) Opinion, p. 13.

For the these reasons, the trial court properly granted summary judgment in this matter. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016